HARRY E. CONNOR, Respondent, v. ELRA M. HUNTLEY, Appellant.— Appeal by defendant in a negligence action from a judgment entered in the Broome County Clerk's Office on May 26, 1945, in favor of the plaintiff for the sum of $6,000. Errors were committed at the trial in the charge to the jury. The court charged that it was undisputed that the damages were substantial and that, if the plaintiff was entitled to damages, he should recover a substantial sum. The court charged that there was no question that the injuries were received in the accident. These issues were litigated and were for the jury. The court in the main charge stated that the burden of proof was upon the defendant to prove that the plaintiff was guilty of contributory negligence. Apparently the Trial Justice had in mind that this was a death case when he charged that the burden of proof as to contributory negligence was upon the defendant. At the close of the charge the plaintiff requested a statement by the court that the burden was upon the plaintiff to show his freedom from contributory negligence. In the response by the court the impression may have been left with the jury that the statement in the main charge was correct. Judgment reversed and a new trial granted, with costs to abide the event. All concur.

ELIZABETH B. O'CONNELL, Respondent, v. ROYAL DEVELOPMENT COMPANY, Appellant. THOMAS P. O'CONNELL, Respondent, v. ROYAL DEVELOPMENT COMPANY, Appellant. CLEMENT J. O'CONNELL, Respondent, v. ROYAL DEVELOPMENT COMPANY, Appellant. ALBERT O'CONNELL, Respondent, v. ROYAL DEVELOPMENT COMPANY, Appellant. TERESA O'C. HICKEY, Respondent, v. ROYAL DEVELOPMENT COMPANY, Appellant. MARY C. QUINN, as Executrix of JOHN QUINN, Deceased, Respondent, v. ROYAL DEVELOPMENT COMPANY, Appellant.— These actions were brought to recover the purchase price, with interest, paid for nonvoting common stock of defendant upon the ground of a rescission of the contract of purchase because of certain fraudulent representations of defendant which induced it. The evidence as to the making of the representations, that they were chargeable to defendant, that they were false and were known by defendant to be false when made, that plaintiffs relied thereon and were thereby deceived, was sufficient to sustain the verdicts rendered on those phases of the cases. Likewise, as to the time of plaintiffs' discovery of the fraud and the rescission of the contracts. No prejudicial errors in the reception of evidence or in the court's charge to the jury or refusal to charge, appear which require a reversal of any of the judgments. Judgments appealed from affirmed, with costs in one appeal. All concur. [See 270 App. Div. 781.]